UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| SEAN T. RADIE, <br> ON BEHALF OF HIMSELF AND <br> ALL OTHERS SIMILARLY SITUATED, <br> <br> Plaintiff, <br> v <br> <br> FORSTER & GARBUS, LLP, <br> MARK A. GARBUS, AND RONALD FORSTER, <br> <br> Defendants. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Sean T. Radie [hereinafter "Radie"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Forster & Garbus, LLP [hereinafter "F&G"], Mark A. Garbus (hereinafter "Garbus"), and Ronald Forster (hereinafter "Forster"), collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside

in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Radie is a natural person who resides at 472 N. Alleghany Avenue, Lindenhurst, NY 11757.

6. Radie is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about February 6, 2018, F&G sent Radie the letter annexed as Exhibit A. Radie received and read Exhibit A. For the reasons set forth below, Radie's receipt and reading of Exhibit A deprived Radie of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, F&G sent Exhibit A to Radie in an attempt to collect a past due debt.

9. The past due debt referred to in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by Discover Bank for her individual use, individually incurring charges by using the credit card account and then, as an individual, failing to pay for these charges. F&G, via Exhibit A, attempted collect the past due debt from Radie in her individual capacity. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. F&G is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also <u>Eric M. Berman, P.C. v. City of N.Y.</u>, 796 F.3d 171 (2nd Cir., 2015). F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, F&G sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not

among those excluded.

16. Garbus is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, controls and/or supervises the debt collection activities of "debt collector" F&G and/or has the authority to control and/or supervise the debt collection activities of "debt collector" F&G.  Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

17. Garbus is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

18. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual".  See 1 USC 1.  15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

19. Forster is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, controls and/or supervises the debt collection activities of "debt collector" F&G and/or has

the authority to control and/or supervise the debt collection activities of "debt collector" F&G. Forster therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Forster is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

20. Forster is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

### FIRST CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

22. Exhibit A does not identify in any manner or does not clearly, effectively, or properly identify the "creditor" and/or the entity to whom the debt is owed or on whose behalf F&G was attempting to collect the debt.

23. Based on the above, Defendants violated 15 USC 1692e and 15 USC 1692e(10) as a result of F&G sending Exhibit A to Radie.

### SECOND CAUSE OF ACTION-CLASS CLAIM

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

25. Exhibit A set forth a "Balance Due" of $4,673.21.

26. Upon information and belief, based in part on Exhibit A setting forth that "a judgment has been sent to court for entry", the "Balance Due" of $4,673.21 set forth in Exhibit A

was not static and/or the creditor was accruing interest, late charges, and/or other charges on the "Balance Due" of $4,673.21 set forth in Exhibit A.

27. Exhibit A to the Complaint did not notify Radie that his "Balance Due" of $4,673.21 set forth in Exhibit A was not static or may increase as a result of interest, late charges, and/or other charges.

28. For the above reasons, as a result of the aforementioned omission from Exhibit A, Defendants violated 15 USC § 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10) by sending Exhibit A to Radie.

### THIRD CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

30. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

32. As a result of sending Exhibit A to Bishop, Defendant violated of 15 USC 1692g.

### CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

34. The class consist of (a) all natural persons (b) who received a letter from F&G dated between February 6, 2018 and the present and present to collect a past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A

35. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

36. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

37. The predominant common question is whether Defendant's letters violate the FDCPA.

38. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

39. A class action is the superior means of adjudicating this dispute.

40. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:       February 6, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107